DUNCAN, Respondent, v. BOARD OF EDUCATION OF CITY OF SIOUX FALLS et al, Appellants.

(196 N. W. 547.)

(File No. 5520.   Opinion filed January 7, 1924.)

1.   **Schools and School Districts—High School Board Could Refuse Admission to Grade School Pupil on Diploma Alone.**

   Rev. Code 1919, Sec. 7517, as amended by Laws 1921, c. 214, providing for admission of pupils to high schools from the eighth grade, applies only to those who have successfully completed work of that grade, as established in the state course of study, and also possess a common school or eighth grade diploma, and hence a high school board was justified in refusing admission of one who had a common school diploma, but had not completed the prescribed course of study.

2.   **Schools and School Districts—Act Regulating Admission to High Schools Inapplicable to Independent Districts.**

   Rev. Code 1919, Sec. 7517, as amended by Laws 1921, c. 214, providing qualification, required of pupils for admission to high schools from eighth grades, does not apply to independent school districts.

**3.  Schools and School Districts—Act Regulating Admission to High Schools Inapplicable to High Grade Districts.**

Rev. Code 1919, Sec. 7517, as amended by Laws 1921, c. 214, providing qualification required of pupils for admission to high schools from eighth grade, does not apply to any district, independent or common, where there is a provision therein for education beyond the eighth grade.

Appeal from Circuit Court, Minnehaha County; HON. ASA FORREST, Judge.

Mandamus by Dwight Duncan, a minor, by David Duncan, his father and next friend, against the Board of Education of the City of Sioux Falls and others. Judgment for plaintiff, and defendants appeal. Reversed, with directions to dismiss.

*Danforth & Barron* and *H. E. Judge,* all of Sioux Falls, for Appellants.

*Kirby, Kirby & Kirby* and *Parliman & Parliman,* all of Sioux Falls, for Respondent.

Appellant cited: Rev. Code 1919, Sec. 7517; Barnard v. Shelburne (Mass.), 102 N. E. 1095; State v. Bushnell (Ohio), 116 N. E. 464; Heintz v. Molten (S. D.), 64 N. W. 125.

Respondent cited: Sec. 7516, Rev. Code 1919, Chap. 214, Laws 1921.

GATES, J.   The plaintiff, Dwight Duncan, a resident of Sioux Falls, was passed from eighth grade B to eighth grade A in the Mark Twain school in said city in June, 1923. At the beginning of school in the autumn of 1923 he applied for admission to the Sioux Falls high school, but was refused admission upon the ground that, by the regulations of the school board of the independent school district of Sioux Falls, he must finish the work of eighth grade A—or one semester of substantially one-half of a school year—before he would be eligible to enter the high school. He applied to the trial court for mandamus to compel his admission to high school, which was granted. From such ruling, the defendants, the board of education of the city of Sioux Falls, its members, its city superintendent of schools, and its principal of the high school appeal. There is no dispute as to the facts. It is the contention of appellants that the trial court drew incorrect conclusions from the facts.

The only ground upon which the trial court justified its interference with the control of the schools in the independent school district of Sioux Falls by its officials is based upon section 7517, Rev. Code 1919, as amended by chapter 214, Laws 1921, which reads as follows:

"1.   Any pupil who shall successfully complete the work of the eighth grade as established in the state course of study, and who holds a common school diploma granted by the county super· intendent, or other eighth grade diploma endorsed by him, is privi- leged to continue his school work up to and including the twelfth grade by attending any public high school or state educational institution of this state, or adjoining state, furnishing a higher course of study than that offered by his home district without payment of any tuition except for laboratory fees or for individ- ual instruction outside of regular school hours.   Provided, that the school district or state educational institution in which such pupil is enrolled as a high school student, shall be compensated by the school board of his home district for such instruction as hereinafter provided.   *   *   * "

It appears that respondent in May, 1923, voluntarily took an examination before the county superintendent of schools, and re- ceived the common school diploma mentioned in said act from such county superintendent.   The trial court found as its four- teenth finding of fact:

"That the course of study in the graded schools of the city of Sioux Falls substantially comply with the state course of study prescribed for rural schools."

[1]   We need go no further in order to demonstrate that mandamus was improvidently issued.   By the terms of the act above quoted, the possession of a common school diploma alone does not entitle the holder to admission to high school.   It is only when the pupil has successfully completed the work of the eighth grade as established in the state course of study, and also pos- sesses the common school diploma, or other eighth grade diploma, that said act purports to have any application. .Respondent had not completed the eighth grade work in Sioux Falls, and, since the trial court found that such work substantially conformed to the state course of study, it is perfectly clear that respondent was not possessed of the required qualifications for admission to high

school. The school board was therefore fully justified in refusing such admission, and the trial court erred in granting mandamus.

[2, 3] But said act does not apply, and does not purport to apply, to independent school districts. Section 7517, Rev. Code 1919, is in that portion of the school law relating to common school districts. Nor does said act purport to apply to any district, whether independent or common, where there is provision therein for education beyond the eighth grade. The clear purport of the act is to enable an eighth grade graduate of a common school district to obtain further schooling, at the expense of his district, in a "public high school or state educational institution of this state or adjoining state," outside of his district where the schooling in his district ends with the eighth grade.

The judgment appealed from is reversed, and the cause is remanded to the trial court with directions to dismiss the proceeding.

DILLON, J., not sitting.

Note.—Reported in 196 N. W. 547. See, Headnotes (1), (2) and (3), American Key-Numbered Digest, Schools and school districts, Key-No. 154, 35 Cyc. 1111.

On discretion of school authorities in excluding pupils for want of proficiency, see note in 50 L. R. A. (N. S.) 268.